Deleg Penaranda v. Garland

BIA
Verrillo, IJ
A206 227 265

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand twenty-four.

PRESENT:
>       STEVEN J. MENASHI,
>       MYRNA PÉREZ,
>       ALISON J. NATHAN,
>             *Circuit Judges.*

_____

JOSE LEONEL DELEG-PENARANDA,
>       *Petitioner,*


>       v.                                    **22-6047**
>                                             **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent.****

_____

---

\* The Clerk of Court is directed to amend the caption as set forth above.

**FOR PETITIONER:**         Jon E. Jessen, Law Offices of Jon E. Jessen, LLC, Stamford, CT.

**FOR RESPONDENT:**         Brian Boynton, Principal Deputy Assistant Attorney General; Carl McIntyre, Assistant Director; Robert D. Tennyson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Leonel Deleg-Penaranda, a native and citizen of Ecuador, seeks review of a December 30, 2021 decision of the BIA affirming a March 15, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jose Leonel Deleg Penaranda*, No. A206 227 265 (B.I.A. Dec. 30, 2021), *aff'g* No. A206 227 265 (Immigr. Ct. Hartford Mar. 15, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

When "the BIA has affirmed the IJ's decision without an opinion, we review the IJ's decision directly as the final agency determination." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 323 (2d Cir. 2006) (citation omitted). We review factual

2

findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I.     Asylum

An applicant for asylum must "demonstrate[] by clear and convincing evidence that the application has been filed within one year after the date of the alien's arrival in the United States." *Id.* § 1158(a)(2)(B). The failure to do so may be excused "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." *Id.* § 1158(a)(2)(D). Deleg-Penaranda argues that extraordinary circumstances excused his delay.

"The burden of proof is on the applicant to establish to the satisfaction of . . . the immigration judge . . . that the circumstances were not intentionally created by the alien through his or her own action or inaction, that those circumstances were directly related to the alien's failure to file the application within the one–year period, and that the delay was reasonable under the circumstances." 8 C.F.R.

3

§ 1208.4(a)(5). Extraordinary circumstances "include but are not limited to . . . [s]erious illness or mental or physical disability," "[l]egal disability (e.g., the applicant was an unaccompanied minor or suffered from a mental impairment)," "[i]neffective assistance of counsel," maintenance of a lawful status for a reasonable period, a timely but otherwise improper filing such that the application was returned, or "the death or serious illness of counsel or family member." *Id.*

Our jurisdiction to review the timeliness determination or a determination of whether changed or extraordinary circumstances excuses the delay is limited to constitutional claims and questions of law, 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D), which include "the application of law to undisputed or established facts," *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 228 (2020); *see also Wilkinson v. Garland*, 601 U.S. 209, 212, 216-17 (2024). A question of law may arise when the agency applied the wrong legal standard, *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2007), or when "some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized," *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). However, "we remain deprived of jurisdiction . . . when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his

4

exercise of discretion and raises neither a constitutional claim nor a question of law." *Xiao Ji Chen*, 471 F.3d at 329.

Deleg-Penaranda's challenges to the IJ's determination that he did not establish extraordinary circumstances to excuse his delay either raise factual issues or lack merit. He argues that "the IJ did not consider several contributing factors for the delay in filing," such as his age, lack of notice of the one-year filing deadline, the case transfer, and the resources to hire a new attorney. Petitioner's Br. 13. But the IJ explicitly considered his age and the case transfer; therefore, it did not overlook those issues. *See Mendez*, 566 F.3d at 323. Nor does the IJ's failure to mention the alleged lack of resources alone indicate that the IJ ignored this information, particularly as the IJ emphasized that Deleg-Penaranda sought transfer through prior counsel and was assisted by his father. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (holding that the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner") (quoting *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007)); *Xiao Ji Chen*, 471 F.3d at 336 n.17 ("presum[ing] that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise").

5

As to notice, Deleg-Penaranda concedes that "he was advised by his prior attorney in Texas that he needed to file within one year of entry" but asserts that he was "not . . . advised or given notice of . . . [the] consequences" of failing to meet the deadline. Petitioner's Br. 13. Deleg-Penaranda does not cite legal authority to establish that the IJ was required to inform him of the consequences of failing to timely file, and the lack of notice is not identified as an extraordinary circumstance in the regulation. *See* 8 C.F.R. § 1208.4(a)(5).

In sum, the IJ did not ignore evidence and the IJ did not err in concluding that a 19-year-old who was initially represented by counsel and had the assistance of his parents did not demonstrate extraordinary circumstances excusing a delay because his case was transferred at his request and he had difficulty finding the funds for new counsel where, as here, he has conceded that he knew there was a one-year deadline. *See id*. Youth, lack of resources, and lack of legal knowledge are common factors in immigration cases and do not reflect extraordinary circumstances particularly where, as here, an applicant had some assistance from counsel and others and was aware of the deadline.

## II. Withholding of Removal and CAT Relief

An applicant bears the burden of establishing eligibility for withholding of

removal and CAT relief. *Pinel-Gomez v. Garland*, 52 F.4th 523, 528 (2d Cir. 2022). An applicant for withholding of removal has the burden to establish past persecution or "a clear probability of persecution." *Id.* (internal quotation marks omitted); *see also* 8 C.F.R. § 1208.16(b). "[T]o qualify for CAT relief, an applicant must show 'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Pinel-Gomez*, 52 F.4th at 529 (quoting 8 C.F.R. § 1208.16(c)(2)).

The IJ found that Deleg-Penaranda did not corroborate his support for the Pachakutik party with a statement from anyone; he did not provide statements or testimony from his parents to corroborate his assault by members of Alianza PAIS, which he testified that he told them about; he did not have statements from his siblings or other family members who may have known of his support for the Pachakutik party, the threats he received, or the assault he experienced; and he did not provide a police report.

The agency may require corroboration of even credible testimony. "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts

7

sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see* 8 U.S.C. § 1231(b)(3)(C) (applying § 1158(b)(1)(B)(ii) to withholding claims). "In some cases, an applicant must provide corroborating evidence because the applicant's testimony, although credible, is not sufficient on its own." *Pinel-Gomez*, 52 F.4th at 529. "In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii).

Here, the IJ identified reasonably available corroboration that should have been presented, and Deleg-Penaranda's explanations do not compel a conclusion that such evidence was unavailable. "An IJ may deny a claim for relief based on the applicant's failure to provide reasonably obtainable corroborating evidence. In doing so, the IJ must '(1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given.'" *Pinel-Gomez*, 52 F.4th at 529 (quoting *Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018)). "No court shall reverse

a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

As the IJ found, Deleg-Penaranda could have presented evidence from his parents to confirm both his political position and his version of events in Ecuador. Deleg-Penaranda testified that his parents live in the United States, knew of his problems in Ecuador, helped him escape to the United States, and helped him transfer his case from Texas to Connecticut, but they did not testify on his behalf because they were at work "far" away. Certified Admin. R. ("CAR") 136. When asked why they did not provide written statements, Deleg-Penaranda responded that "[m]aybe [he] didn't tell them, so they didn't do it," and again cited their work. *Id.* at 155. The IJ assessed this explanation, noting that his parents live in Connecticut and that it would be reasonable to expect evidence from them in the form of either testimony or a written statement. Given that a letter could have been submitted regardless of how far away the parents work, and that it could have corroborated Deleg-Penaranda's narrative, the IJ did not err in requiring this evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Pinel-Gomez*, 52 F.4th at 529.

9

As to statements from other family members, such as his siblings in Ecuador, Deleg-Penaranda has not shown that statements were not available. Indeed, his siblings could have provided relevant information—he testified that they had seen his injuries, CAR 154, and so, at minimum, his siblings could have confirmed that he was injured at the time of the alleged assault.

There was little indication that other evidence of Deleg-Penaranda's support for the Pachakutik Party existed. Deleg-Penaranda testified that he was not a member of the party, did not work for the party, did not attend party meetings, and "only agreed with the knowledge that they offered" and "the things they did." CAR 125. And he alleged that he was attacked because he refused to "cooperate" by signing documents in support of electing the Alianza PAIS, an attempt to "buy[] [his] vote," not that his attackers targeted him for any party affiliation. *Id.* at 129. Thus, there was no basis for the IJ to expect a letter from the party to corroborate his political beliefs. That said, he could have provided a statement from his family members to corroborate his allegation that he supported the Pachakutik Party's platform.

Nor does the record compel a conclusion that documentation from the police in Ecuador was unavailable. Deleg-Penaranda reported his attack to the

10

police but testified that the police did not give him any documentation and he did not follow up. *Id.* at 135, 155. He alleged that he was unable to contact friends in Ecuador to try to obtain documentation. *Id.* at 155. Given his testimony that he has friends and family in Ecuador, the lack of explanation as to why he could not contact them, and the absence of any attempt to obtain documentation from the police, he failed to establish that the evidence was not available. *See* 8 U.S.C. § 1252(b)(4)(B).

The failure to corroborate is dispositive of withholding of removal and CAT relief because both forms of relief were based on the same facts. *Pinel-Gomez*, 52 F.4th at 526 n.1, 528. Finally, the State Department report that Deleg-Penaranda cites as support for his CAT claim reflects human rights violations in Ecuador and that "in cases of public interest, political interference often resulted in impunity," though it also states that "[c]ivilian authorities maintained effective control over the security forces" and that "[t]he government took steps to investigate and prosecute officials who committed human rights abuses." CAR 201. The report does not have specific information that the police refuse to intervene in violent acts by members of Alianza PAIS or other political parties. A CAT claim requires more than general evidence of corruption. *See Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d

11

156, 160 (2d Cir. 2005) (holding that a CAT applicant must show "that someone in his particular alleged circumstances is more likely than not to be tortured") (emphasis omitted) (quoting *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003)); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court